# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

        Plaintiff,

    -vs-                                              **Case No. 10-CR-80**

**ANTWAN REED,**

        Defendant.

# DECISION AND ORDER

On February 1, 2011, a trial to the Court was held on three charges against the defendant, Antwan Reed ("Reed"). Count One charged Reed with possession with intent to deliver heroin; Counts Two and Three charged Reed with being a felon in possession of three firearms, and possession of firearms in relation to a drug trafficking crime. Subsequent to the submission of evidence the parties were given the opportunity to file post trial briefs. The briefs have been submitted and the Court rules as follows. The government has proven all three charges beyond a reasonable doubt and therefore finds Reed guilty of all three counts.

The Court heard the testimony from two government witnesses: Milwaukee Police Officers Michael Wawrzyniakowski and Jon Osowski. In addition, the Court considered evidence seized pursuant to a search warrant executed on March 11, 2010, at a residence at 3353 N. 27th Street, in the City of Milwaukee. Reed offered four witnesses: Takia Woods,

Timothy Echols, Vera Sims, and State of Wisconsin Probation and Parole Agent Kyna Taylor.

**Findings of Fact**

Prior to presenting the findings, the Court has weighed the evidence in the following fashion. The testimony of two witnesses, Vera Sims and Takia Woods, displayed bias and self interest and the Court did not, as a consequence, give their testimony the weight necessary to overcome the overwhelming circumstantial and direct evidence offered by the government's witnesses. The testimony of the witness, Timothy Echols, likewise was of little value for the same reasons. The defense witness Kyna Taylor's testimony supported the government's version of events more than that of the defendant.

In this context, the Court finds that on March 11, 2010, Officers of the Milwaukee Police Department, after surveillance of the residence at 3553 N. 27th Street, received permission to execute a search warrant at that address for the purpose of seizing, among other things, drugs, drug paraphernalia, and other related items.

Execution of the search warrant resulted in the seizure of heroin from a table in the home's bedroom in the amount of 4.62 grams (Ex. 12a), 3.34 grams of heroin (Ex. 12b) and 10.3 grams of heroin (Ex. 9) from the same table, a digital scale with a residue found in a drawer of the table (Ex. 10), a Fuzion brand digital scale (Ex. 5) on that table, along with 39 foil bundles totaling 3.12 grams of heroin (Ex. 6), empty foil packets (Ex. 7) and a Desert Eagle .45 caliber semiautomatic handgun (Ex. 14). Said handgun, fully loaded, was found a few feet from the described drugs.

In addition to finding those drugs, drug paraphernalia, and weapon in the bedroom, the execution of the warrant produced a .40 caliber Smith & Wesson semiautomatic handgun found in the kitchen (Ex. 16) and the following from the basement: Izhmash 7.62x51 assault rifle and marijuana in the amount of 5.44 grams (Exhs. 20 & 23).

All of this evidence shows that the residence at 3553 N. 27th Street was being utilized for the purpose of distributing illegal narcotics.

Reed does not contest that these items were in the residence and in the areas where they were found. Reed's defense is that he did not live at the residence and had no control over the drugs, guns and drug paraphernalia in the house. Reed argued that Vera Sims, his ex-girlfriend who was found in bed in the subject bedroom with an injured leg, occupied the premises. Even though Reed was found in his slippers in the kitchen when the warrant was executed he posits that he was only there to take Vera Sims to the doctor and to let out the dogs. (Officer Osowski testified to seeing Reed come out with dogs and then return to the residence before the warrant was executed.)

While Reed claims to have only briefly stopped in and was essentially in the "wrong place at the wrong time," the evidence is overwhelming that Reed had a permanency at the subject residence which establishes knowledge of, control over, and illegal use of the contraband in question. Multiple identifiers found at the home establish Reed's connection to the subject place.

The search warrant produced the following identifiers connecting Reed to the residence:

Exhibit 24 shows two change of address forms from the U.S. Post Office with 3353 N. 27th Street listed on one of them.

The master bedroom is where the majority of the drugs were found. Exhibit 25 describes the following connection of Reed to that bedroom: a three-page letter to Reed from Wisconsin Support Collection Trust Fund, a February 5, 2010, envelope from Kingstad Law Firm, a February 16, 2010, envelope addressed to Reed from Kopp Law Office, a February 18, 2010, letter addressed to Reed from Courtney & Molter, Globe Life Insurance mail addressed to Reed, a February 9, 2010, invoice to Reed from Animal Control for vaccinations for the dog, a February 10 WE Energies bill, an address book, and a Potowatomi Casino Firekeeper's Card.

Two other identifiers were found in the master bedroom as shown in Exhibit 26; an appointment card for a home visit from probation and parole dated February 23, 1010 ,(this card was found under the mattress that Vera Sims was found resting on), and a March 5, 2010, envelope from the Support Collection Trust Fund.

Exhibit 27 contains further pieces of evidence connecting Reed to the premises. These items were found in a buffet in the dining room. A Globe Life Insurance envelope addressed to Reed at that address, a January 19, 2010, lease for a N. 21st Street address with a co-lessee by the name of Janette Allen. (Reed offered the testimony of Kyna Taylor, Reed's P.O., who stated that she released Reed from custody on January 20, 2010, to the home at that address.) A default judgment for a speeding ticket issued to Reed at the 27th Street address on February 10, 2010, a February 24, 2010, receipt to Reed for payment made

to the Department of Corrections, and a March 1, 2010, job application for a kennel which listed Vera Sims as a reference.

Exhibit 29a was a photo of Reed and another person that was found in the dining room. Also found in the dining room was a picture of Reed in a fur coat, which matched the fur coat hanging in the bedroom closet. (Ex. 29b) Exhibit 29c is a photo of Reed and Vera Sims.

Reed's connection to the residence and his possession, control, and use of the drugs and weapons found at the residence are further established by the fact that Reed was not only seen in his slippers at the residence letting the dogs out, but was also viewed on at least two other occasions when the residence was under surveillance. His car was also viewed parked at the residence on occasion. (Testimony of Osowski.) Osowski and Wawrzyniakowski testified that when Reed was to be conveyed to the station, Reed asked for his gray shoes which were located in the bedroom right next to the narcotics. In Reed's statement to the police (Ex. 31), Reed even admits to staying at the residence "every now and then."

All of this coupled with the evidence that the tin foil packaging was consistent with Reed's prior offense for drug distribution (prior conviction was stipulated to by Reed and the government (Ex. 35) the large amount of cash on the premises (Reed was unemployed) and the recorded phone calls from the jail (Exhs. 32 & 33) which show Reed's familiarity and concern with the residence and its contents establish beyond a reasonable doubt that Reed knowingly and intentionally possessed a controlled substance and that he possessed the

controlled substance with an intent to deliver it. Second, this establishes that Reed was a convicted felon and in possession of a firearm which had traveled in interstate commerce.

Three, the evidence further establishes beyond a reasonable doubt that Reed while committing the crime of possession of a controlled substance with an intent to deliver it, knowingly possessed a firearm in furtherance of that crime.

The Court finds Reed guilty of all three charges in the Indictment. The Court will contact the parties to establish a sentencing date after return of a presentence investigation.

Dated at Milwaukee, Wisconsin, this 22nd day of September, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**